UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **WELLWORX ENERGY SOLUTIONS, LLC,** § § § | | |
| **Plaintiff,** § § | | |
| v. § § | CIVIL NO. MO-22-CV-00059-ADA | |
| **OILIFY NEW-TECH SOLUTIONS, INC., Q2 ARTIFICIAL LIFT SERVICES LLC,** § § § § | | |
| **Defendants.** | | |

## ORDER ON DISCOVERY DISPUTE

On March 13, 2024, Plaintiff Wellworx Energy Solutions, LLC ("Wellworx") submitted a discovery dispute, attached as Exhibit A to this Order, seeking to quash a subpoena for documents and testimony to Wellworx's patent prosecution law firm, Frost Brown Todd. Since the submission of the dispute, Frost Brown Todd filed Objections and Responses to the Subpoena on March 15, 2024 and a deposition is now scheduled for March 22, 2024.

After a review of the materials submitted, Plaintiff's blanket request to quash the subpoena is **DENIED**. Frost Brown Todd is **ORDERED** to respond to the subpoena and Wellworx may assert privilege objections for *specific* (1) document requests and (2) questions proffered at a deposition.

SIGNED this 21st day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A – DISCOVERY CHART**

| Issue | Plaintiff's Position | Defendants' Position |
|---|---|---|
| 1. Q2 has subpoenaed WellWorx's Patent Prosecution Law Firm for testimony and documents. | Q2 served a subpoena on WellWorx's patent prosecution law firm, Frost Brown Todd. *See* Ex. A. This subpoena seeks testimony and documents pertaining to the conception, reduction to practice, specification, and claims of the Asserted Patents, communications with WellWorx's representatives, information about the Accused Product, and information pertaining to Asserted Prior Art. *See id*.<br><br>The subpoena seeks privileged information. Frost Brown Todd is a law firm, and its lawyers rendered patent prosecution legal services for WellWorx. Because the Subpoena seeks testimony, documents, and communications with patent counsel related to their prosecution of the Asserted Patents, they are subject to the attorney-client privilege and potentially the work product doctrine. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805-06 (Fed. Cir. 2000) ("[A]n invention record constitutes a privileged communication, as long as it is provided to an attorney for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding.").<br><br>Further, the discovery is irrelevant, disproportionate, and unduly burdensome. The prosecution histories speak for themselves. Defendants have | WellWorx makes a blanket assertion of privilege but has not addressed any individual document request or deposition topic. WellWorx has failed to explain why responsive documents and testimony are privileged or otherwise meet its burden to establish its assertion of privilege is proper.<br><br>For example, WellWorx cites to *In re Spalding*, which concerns the privileged nature of an invention record, which is a "standard form[] generally used by corporations as a means for inventors to disclose to the corporation's patent attorneys that an invention has been made and to initiate patent action." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 802 & n.2 (Fed. Cir. 2000). But Q2's subpoena does not seek such an invention record. Nor does Q2 presently seek to pierce the attorney-client privilege, so Q2 need not establish "Walker Process fraud" as WellWorx argues.<br><br>The discovery Q2 seeks is factual information, and factual information is not privileged. *Greenthread, LLC v. Intel Corp.*, No. 6:22-cc-00105-ADA, 2022 U.S. Dist. LEXIS 161966, *9-10 (W.D. Tex. Sep. 1, 2022) ("[F]acts are not privileged and parties may not use a privilege claim |

2

| | |
|---|---|
| not alleged inequitable conduct as to any individual at Frost Brown Todd. Notwithstanding, Defendants cannot make a *prima facie* showing of *Walker Process* fraud. *See id.* at 808. Defendants also cannot show that knowledge of counsel cannot be derived from other sources.<br><br>Thus, any such discovery would be outside the scope of discovery as privileged and irrelevant, unnecessary, and unduly burdensome. *See In re Insogna*, No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487, at *5–10 (S.D. Cal. Jan. 3, 2020).<br><br>Relief: Order that "the Court quashes the subpoena to Frost Brown Todd LLP. Frost Brown Todd LLP does not have to appear at a deposition and does not have to produce any documents in response to any subpoena. Defendants are forbidden from seeking discovery from Frost Brown Todd LLP and its representatives." | to prevent the disclosure of such facts."). Indeed, WellWorx identified "Patent Counsel" in its initial disclosures as having discoverable information.<br><br>In any event, WellWorx's "assertion that the entirety of the deposition would concern privileged matters is the type of blanket assertion of privilege that is disfavored. Consequently, the motion to quash must be denied. It is impossible to know whether individual questions may elicit information that is protected by privilege…. Simple possession of a law license does not result in blanket immunity from a deposition." *Advanced Technology Incubator, Inc. v. Sharp Corporation*, 263 F.R.D. 395, 399 (W.D. Tex. 2009). Thus, courts routinely permit the deposition of prosecution counsel for asserted patents. *See, e.g.*, *Goodman v. Smart Modular Techs., Inc.*, No. H-14-1380, 2015 U.S. Dist. LEXIS 121302, at *4-5 (S.D. Tex. Sep. 3, 2015) (collecting cases).<br><br>*In re Insogna* inapposite. That case concerned discovery from prosecution counsel that was also trial counsel, and, unlike here, the discovery sought was not directed to an inequitable conduct allegation.<br><br>Given Q2's allegation of in- |

3

| | | |
|---|---|---|
| | | equitable conduct, the factual information sought is relevant and proportionate. Beyond that, Frost Brown Todd has not objected to the subpoena and WellWorx does not have standing to interpose an objection other than privilege. *Shenzhen Tange Li'An E-Commerce Co. v. Drone Whirl LLC*, No. 1:20-CV-00738-RP, 2021 U.S. Dist. LEXIS 47445, at *10 (W.D. Tex. Mar. 15, 2021) ("A party may not challenge a subpoena to a third party on the grounds that the information sought is not relevant or imposes an undue burden.") (citation omitted).<br><br>Relief: WellWorx's motion to quash the subpoena to Frost Brown Todd LLP is denied. |